Morris E. Spector, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act. The petitioners are tenants of a *844 multiple dwelling in Bronx County and seek to review and annul a determination of the respondent, State Bent Administrator, who affirmed an order of the Local Bent Administrator increasing- the rents under subdivision 5 of section 33 of the State Bent and Eviction Begulations. The present landlord has been allowed to intervene.
The facts are: One Sidney J. Bernstein agreed to sell 1000 Grand Concourse to Bealty Equities 1959 Corp. for $1,188,000. The deed was delivered on June 29, 1959. Bealty Equities agreed to exchange 1000 Grand Concourse to the present owners for two parcels of property, one in Brooklyn, the other in The Bronx. The deed closing this transaction was delivered on June 29,1959, simultaneously with the aforesaid sale. The Local Bent Administrator used, and the State Bent Administrator affirmed the use of the purchase price of the sale to landlord’s grantor as the valuation base to determine the increase. The petitioner attacks this determination on the ground that the base used was improper and that certain essential services were not being-furnished.
The petitioner does not question the bona fides of the prior sale. He contends that it is not the most recent sale price which would be the value of the property used in exchange for the instant premises or the assessed valuation. Section 33 (subd. 5, par. a) provides in part that where the net annual return is less than 6% of the valuation of the property an application for an increase may be filed. “ Such valuation shall be the current assessed valuation * * * except where there has been a bona fide sale of the property * * * as a result of a transaction at arms’ length, on normal financing terms at a readily ascertainable price and unaffected by special circumstances such as * * * exchange of property ’ ’.
The court is of the opinion from the evidence in the return that the exchange of property here was such special circumstance as would affect the price and thus preclude this transaction as a basis for valuation. The Appellate Division of this Department in Matter of Payson v. Caputa (9 A D 2d 226) at page 234 stated: “ Of course, it is difficult to think of a forced sale, an exchange of property, a package deal, or a wash sale, in which the price would not be affected by such special circumstances so as to be utterly unreliable. Each one of these categories by very definition would seem to preclude the finding of a readily ascertainable and reasonable price in a fair market ’ ’.
If then the basis of valuation cannot be determined from the most recent transaction, the exchange, what basis can be used? *845 Is the petitioner relegated to the assessed valuation ? Such should not be the determination. Here we have, undeniably, a bona fide sale within the time set by the regulation. If the landlord’s grantor had made an application for an increase, the Administrator would have been obliged to use that purchase price as the basis (Matter of Payson v. Caputa, supra, p. 233). It is unreasonable to hold that because of the simultaneous exchange of property, the present landlord must use as a basis of valuation the much lesser figure of the assessed valuation. In this connection, it is noted that neither the statute nor the regulation specifically requires that the bona fide sale be that in which the applicant for the increase was the purchaser. Therefore, when there has been a sale the price of which has been affected by special circumstances such as a forced sale, exchange of property, package deal, wash sale or sale to a co-operative, which makes the transaction unreliable for use as a basis of valuation, the Administrator is empowered to use a prior bona fide sale, the price of which was not so affected, as a basis of valuation. It is true that in Matter of Perlman v. Herman (13 A D 2d 55, 63) the Appellate Division remanded a proceeding to the Bent Administrator to redetermine a fair return 11 utilizing, in the absence of a qualifying prior purchase price, the assessed value ”. However, even there it was held that the landlord could apply to reopen the proceeding if he was able to assume the heavy burden of showing the prices were unaffected by the package deal. Here, no such disability exists as there is a qualifying prior purchase price readily ascertainable. With regard to the essential services, after extensive consideration of the tenants’ claims and after complaints had been remedied, it was found that the essential services were substantially maintained. With regard to doorman services, the tenants having accepted 18 hours’ service instead of 24 hours’ service, without complaint, for many years have indicated that this was not a curtailment of an essential service and the respondent was justified in so finding. As to the intercommunication system, the fact that it was subject to breakdowns is not a deprivation of an essential service, if the landlord immediately repairs the same. The tenants were not deprived of the use of the roof garden, and the absence of additional furniture is not an essential item. Accordingly, there being warrant in the record for the determination of the respondent, the application is denied and the petition dismissed.